23CA1044 Peo v Allen 03-12-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1044
Douglas County District Court No. 21CR556
Honorable Patricia D. Herron, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

John Jeffrey Allen,

Defendant-Appellant.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE FREYRE
Schock and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 12, 2026

---

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Elkus & Sisson, P.C., Reid J. Elkus, Andrew Lauer, Lucas Lorenz, Greenwood Village, Colorado, for Defendant-Appellant

¶ 1    Defendant, John Jeffrey Allen, appeals his judgment of conviction entered on a jury verdict finding him guilty of two counts of violation of a protection order, harassment, and violation of bail bond conditions. The jury acquitted him of the only felony charge, stalking. We reverse the judgment and remand the case for a new trial on the counts for which Allen was convicted.

## I.    Background

¶ 2    The evidence presented at trial supported the following facts. In 2020, Allen and S.A. were involved in a domestic relations legal dispute concerning their daughter, G.A.

¶ 3    Starting the same year, S.A. began receiving an inordinate number of phone calls from unknown numbers multiple times a day and throughout the night. Occasionally, the calls would come from Allen's phone number. The phone calls were angry in tone, played loud music and banging noises, and included abusive language such as "whore," "cunt," and "you should die." S.A. attempted to block the phone numbers, but she would just receive more calls from different phone numbers.

¶ 4    Around November 16 and 17, 2020, Allen called S.A. multiple times and left S.A. a voicemail that included crass language. S.A.

also received text messages from random numbers. One of the text messages read, "Fuck you and your daughter," and contained multiple middle-finger emojis.

¶ 5    On November 17, S.A. was driving home with G.A. S.A. noticed Allen's truck behind her, driving very close to her car. Allen swerved around her and made a U-turn towards her house. After S.A. and G.A. made it into their house, Allen parked outside. G.A. took a photo of Allen's truck.

¶ 6    Between January 9 and 11, 2021, S.A. received sixteen hostile voicemails from Allen. The voicemails included offensive language and name-calling and telling S.A. that she would end up in a ditch. S.A. reported the voicemails to police, and Allen was arrested for harassment.

¶ 7    On January 13, 2021, Allen was released on bond. A mandatory protection order was put in place. Among other requirements, the mandatory protection order required Allen to not harass, molest, intimidate, retaliate against, or tamper with the victims; to stay away from the victims' home; and to refrain from contacting or directly or indirectly communicating with the victims. Both S.A. and G.A. were listed as protected parties.

¶ 8     However, on May 6, 2021, S.A. saw Allen drive past her house. Then on June 17, 2021, Allen parked his car in front of S.A.'s house and played loud music.

¶ 9     Following Allen's conviction, the trial court sentenced him to a total of four years in the county jail.

¶ 10    Allen appealed and asserted, among other contentions, that the trial court erred by failing to hold an evidentiary hearing regarding Allen's motion to suppress.  This division agreed that the trial court abused its discretion in refusing to conduct an evidentiary hearing on the voluntariness of Allen's consent to search and issued a limited remand order for the trial court to conduct the hearing.  *People v. Allen,* (Colo. App. No. 23CA1044, Feb. 21, 2025) (unpublished order).  On remand, the trial court entered an order granting Allen's motion to suppress.  The time has now passed for the People to appeal the court's ruling.  *See* C.A.R. 4.1(b).

## II.    Analysis

¶ 11    The trial court's ruling granting Allen's motion to suppress requires us to reverse the judgment of conviction and remand for a new trial on the misdemeanor convictions.  Accordingly, we reverse

the judgment and remand for further proceedings.  We do not address the remaining, nonsuppression issues raised in the opening brief because they either pertain to the acquitted felony and are not properly before us or are not likely to arise in the same posture on remand.

## III.   Disposition

¶ 12     The judgment of conviction is reversed, and the case is remanded for a new trial.

JUDGE SCHOCK and JUDGE SULLIVAN concur.